**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CANDIDO SERRANO, | : | CIVIL ACTION NO. **3:CV-12-0323** |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| KEVIN PIGOS, MD, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On February 17, 2012, Plaintiff Candido Serrano, an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania, filed, *pro se*, a *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff attached a 2-page continuation of his Statement of Claim as well as several exhibits to his Complaint, which largely consisted of his May 31, 2011 Informal Request to Staff and his July 14, 2011 Administrative Remedy Request, in which he complained that the medical staff improperly discontinued his psychotropic medication, and the responses to his Requests and appeals. Plaintiff also attached to his Complaint his 1-paragraph Declaration and the 1-paragraph Declaration of inmate David Keats. Additionally, Plaintiff filed a Memorandum of Law in support of his Complaint. (Doc. 2). Plaintiff also filed two *in forma pauperis* motions. (Docs. 3 & 6).

---

1. *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

In his Complaint, Plaintiff named three (3) Defendants, namely, Kevin Pigos, MD, Clinical Director at USP-Lewisburg, Laura Hartzell, nurse at USP-Lewisburg, and Dr. Mink, Chief Psychologist at USP-Lewisburg. All Defendants were employed by the Federal Bureau of Prisons ("BOP") at USP-Lewisburg during the relevant times of this case. Plaintiff raised four claims, including an Eighth Amendment denial of medical care claim against all three Defendants, a conspiracy claim against all three Defendants, a claim that Defendant Hartzell wrote a false incident report against him on November 28, 2010, and a First Amendment retaliation claim against Defendant Mink. Plaintiff stated that he was suing Defendants in both their official and personal capacities. As relief, Plaintiff requested injunctive relief as well as monetary damages, both compensatory and punitive damages. (*Id*., p. 3).

Plaintiff indicated in his Complaint that he exhausted his BOP administrative remedies regarding his present claims and, as mentioned, he attached exhibits regarding his attempts to have exhausted his claims.[2]

This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28 U.S.C. § 1331. *See Oriakhi v. Wood*, *supra.*; *Latansio v. Sabol,* 2010 WL 4340394 (M.D. Pa. 10-26-10).

We then screened Plaintiff's Complaint as we were obliged to do pursuant to the Prison Litigation Reform Act of 1995 ("PLRA").[3] *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

---

2. It is well-settled that the Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

3. The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

**2**

We issued a Report and Recommendation ("R&R") on March 9, 2012, and excepted that Plaintiff's claims for damages, both compensatory and punitive, against Defendants in their official capacities be dismissed with prejudice. We also recommended that Plaintiff's constitutional claims against Defendants in their official capacities be dismissed with prejudice. Further, we recommended that Plaintiff's claim against Defendant Hartzell alleging that this Defendant issued a false Incident Report against him be dismissed as premature since it was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), until Plaintiff first had any conviction on the Incident Report overturned by filing a §2241 habeas petition. Additionally, we recommended that Plaintiff 's conspiracy claim against all three Defendants be dismissed without prejudice. Moreover, we recommended that Plaintiff's First Amendment retaliation claim against Defendant Mink be dismissed with prejudice. Finally, we recommended that only Plaintiff's Eighth Amendment denial of medical care claim be allowed to proceed as against all three Defendants, namely, Dr. Pigos, Hartzell, and Dr. Mink. (Doc. 9).

Plaintiff did not file any objections to our R&R. On April 10, 2012, the Court issued an Order and adopted our R&R. (Doc. 10). The Court dismissed all of Plaintiff's claims except for his Eighth Amendment denial of medical care claim as against all three Defendants. The Court remanded Plaintiff 's case to the undersigned.

On April 10, 2012, we granted Plaintiff 's two *in forma pauperis* motions (Docs. 3 & 6) and directed the Clerk of Court to issue process to the U.S. Marshal for service of Plaintiff 's Complaint on the three Defendants. We also directed Defendants to respond to only Plaintiff 's Plaintiff's Eighth Amendment denial of medical care claim. (Doc. 11).

Subsequently, all three Defendants, Dr. Pigos, Hartzell, and Dr. Mink, were served and after an extension of time was granted, they jointly filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 on August 24, 2012. **(Doc. 19)**. On September 28, 2012, after being granted an extension of time, Defendants filed their brief in support of their Motion for

Summary Judgment and their Statement of Material Facts ("SMF") with attached Exhibits. (Docs. 22 & 23).

Plaintiff's opposition brief to Defendants' Motion for Summary Judgment and response to Defendants' SMF were due on or about October 19, 2012. We sua sponte gave Plaintiff an additional thirteen days to file his opposition brief to Defendants' Motion for Summary Judgment and his response to Defendants' SMF. Nonetheless, Plaintiff did not file any document in response to Defendants' dispositive motion. Since Plaintiff is proceeding *pro se*, we issued an Order on November 1, 2012, and gave him an additional ten days to file his opposition brief to Defendants' Motion for Summary Judgment and response to Defendants' SMF. (Doc. 24). We also stated in our Order that failure of Plaintiff to file his opposition brief to Defendants' Motion for Summary Judgment and his response to Defendants' Statement of Facts by November 12, 2012, would result in a recommendation that Plaintiff be deemed as not opposing Defendants' Motion. Further, we directed the Clerk of Court is to send Plaintiff a copy of Local Rule 56.1, M.D. Pa.

On November 9, 2012, Plaintiff filed a 1-paragraph handwritten letter addressed to the Clerk of Court with a copy of Local Rule 56.1, M.D. Pa., attached. (Doc. 25). Plaintiff states that he received our Doc. 24 Order. Plaintiff states that he does not agree with the response of Defendants to his Complaint, *i.e.,* Defendants' Motion for Summary Judgment, and that it is not "fare (sic)" and does not "make sense." Further, Plaintiff states that he did not get a statement from the doctor who prescribed his medication back in 2005, when he first started using it and he questions how Defendants were allowed to take him off his medication for no reason. Additionally, Plaintiff states that he wants to appeal his case and that he wants a different judge to look at his case. Finally, Plaintiff states that he did not file anything since he thought his case was over and he was waiting for the Court to advise him how to appeal his case.

Contrary to Plaintiff's assertions, we find that our November 1, 2012 Order giving Plaintiff an additional ten days to file his opposition brief to Defendants' Motion for Summary

4

Judgment and response to Defendants' SMF (Doc. 24) clearly indicated to Plaintiff that his case was not over and that he had to file opposition brief to Defendants' Motion for Summary Judgment and his response to Defendants' SMF. As such, we will recommend that Plaintiff be deemed as not opposing Defendants' Motion for Summary Judgment. Regardless, we now consider the merits of Defendants' Motion for Summary Judgment.

**II. Bivens Standard.**

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

See also *Latansio v. Sabol,* 2010 WL 4340394, *2-*3; *Mitchell v. Dodrill*, 696 F.Supp.2d 454 (M.D. Pa. 2010).

**III. Summary Judgment Standard.**

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law. *Anderson*, 477 U.S. at 248. "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id*., *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co*., 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

**IV. Statement of Material Facts**.

As their initial summary judgment argument, Defendants, employed with the USP-Lewisburg medical staff, assert that the undisputed evidence demonstrates that they were not deliberately indifferent to Plaintiff's serious mental health condition, *i.e.,* Axis II borderline personality disorder, and that his psychotropic medication was properly discontinued. Defendants contend that Plaintiff 's claim amounts only to a disagreement with the treatment plan they have decided was best for him, namely, therapeutic counseling, and to a disagreement with the decision to discontinue his psychotropic medication. Notwithstanding Plaintiff's claim that the decision to discontinue his psychotropic medication amounts to an

7

Eighth Amendment violation, we agree with Defendants that the undisputed evidence shows that they were not deliberately indifferent to his serious mental health condition.

As stated, Defendants properly filed their 24-page, 172-paragraph SMF with citation to the evidence, as required by Local Rule 56.1, M.D. Pa., which support their position that the evidence shows they did not violate Plaintiff's Eight Amendment rights. (Doc. 23, ¶'s 1-172). Also, Defendant submitted Exhibits with his SMF to support each one of their contentions. (Docs. 23-1, pp. 1-55, Exs. 1, 2 & 3 with numerous Attachments). Plaintiff failed to file his paragraph-by-paragraph response to Defendants' SMF, and we sua sponte afforded him with ample time to do so, We also had him served with a copy of Local Rule 56.1, M.D. Pa., and he still failed to respond to Defendants' SMF as required to do. (Doc. 24).

Since Defendants properly filed their SMF in support of their Summary Judgment Motion (Doc. 23), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by evidence, and since Plaintiff failed to properly respond to Defendants' SMF ¶'s 1 through 172, we shall accept all of Defendants' facts contained in their SMF. Further, none of Defendants' facts in their SMF are properly disputed by Plaintiff with citation to evidence. Thus, we find that Plaintiff has not properly responded to ¶'s 1 through 172 of Defendants' SMF as required by Local Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers,* 2008 WL 3540526 (M.D. Pa.)*; Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff's failure to properly respond to ¶'s 1 through 172 of Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence. (Doc. 23-1, Exs. 1, 2 & 3 with Attachments).

8

We find that Defendants' undisputed evidence demonstrates that Defendants Dr. Pigos, Hartzell, and Dr. Mink did not violate Plaintiff's Eighth Amendment rights regarding the decision to discontinue his psychotropic medication.[4]

**V. Discussion.**

Plaintiff is proceeding on his Complaint (Doc. 1) with respect to his Eighth Amendment claim that Defendants Dr. Pigos, nurse Hartzell, and Dr. Mink improperly discontinued his psychotropic medication and were deliberately indifferent to his serious mental health condition at USP-Lewisburg. Plaintiff averred that Defendants "with ill and evil intent and without just cause, falsified documents [and] conspired [with] others to stop my psychotropic meds, ... , against [BOP] policy ... ." (Doc. 2, p. 6). Plaintiff alleged that all three Defendants conspired to deny him of his Eighth Amendment right to proper medical care by improperly depriving him of his psychotropic medication, Trazadone (50 mg.) and Mirtazapine (45 mgs.), for over one year despite the fact that he made numerous suicide attempts and he had mental problems which required the medications. Plaintiff also alleged that Defendants did not follow BOP policy in stopping his medications and that there were no legitimate penological reasons for stopping his medications. Further, Plaintiff alleged that Defendants interfered with his attempt to see the Tele-Med doctor and another mental health doctor to be re-evaluated for his mental health conditions.

Plaintiff averred that Defendant Dr. Mink played a major role in stopping his medication, and that she "conspired, circumvented [BOP] policy and retaliated against Plaintiff by verbally telling Plaintiff 'she would not give him his psychotropic medication because he wrote her up on a[n] administrative remedy BP-8." (Doc. 2, pp. 6-7).

---

4. We do not fully repeat all of Defendants' numerous SMF herein since Plaintiff failed to properly deny any of the paragraphs, ¶'s 1-172. We also note that we found Defendants' cited evidence to support their SMF.

9

Further, Plaintiff acknowledged that it was Defendant Dr. Pigos who discontinued his psychotropic medications on November 30, 2010. The Psychology Services Department at USP-Lewisburg merely concurred with the discontinuation. (Doc. 1, Ex. A, Warden Bledose's April 13, 2011 Administrative Remedy Response). Thus, the person who made the decision to discontinue Plaintiff 's psychotropic medications was Defendant Dr. Pigos and not Defendant Dr. Mink or Defendant nurse Hartzell.

Upon screening the Complaint, the Court found that Plaintiff had sufficiently alleged that Defendants personally participated in the decision to improperly discontinue his psychotropic medications with no justifiable or penological reason. Plaintiff alleged that all three Defendants were personally involved in the decision to discontinue his psychotropic medications despite his history of serious mental illness and, that they had no legitimate reason to discontinue it and that they did so in deliberate indifference to his health and well-being. Thus, the Court allowed Plaintiff's Eighth Amendment denial of proper medical care claim against all three Defendants to proceed.

As mentioned, in response to Plaintiff's Complaint, Defendants filed, in a timely manner, a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56. **(Doc. 19).** Defendants then filed their Statement of Material Facts and their support brief. (Docs. 22 & 23, respectively). Defendants attached Exhibits to their SMF, including their Declarations and numerous copies of Plaintiff's BOP medical records. (Doc. 23-1, Exs. 1, 2 & 3 with Attachments). Since Plaintiff repeatedly failed to timely file his opposition brief to Defendants' motion and SMF, we issued an Order granting Plaintiff more time and directed Plaintiff to file his opposition brief to Defendants' motion by November 11, 2012. Also, we specifically warned Plaintiff that his failure to file his opposition brief to Defendants' motion and his response to Defendants' SMF would result in Defendants' motion being deemed unopposed. To date, Plaintiff has failed to file his opposition brief to Defendants' Motion for Summary Judgment and his response to Defendants' SMF. Nor has Plaintiff filed a motion for another

extension of time to file his opposition brief and his response to Defendants' SMF. Further, as stated, we sua sponte afforded Plaintiff additional time of over one week to file his opposition brief and his response to Defendants' SMF but Plaintiff has still failed to file his brief. Thus, Plaintiff should be deemed as not opposing Defendants' Summary Judgment Motion, pursuant to Local Rule 7.6, M.D. Pa., as he was forewarned. It also appears that Plaintiff may have abandoned his action since he thought that his case was over. (Doc. 25).

We now consider the merits of Defendants' Summary Judgment Motion.

In *Carpenter Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11), the Court stated:

> To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir.1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (quoting *White v. Napoleon,* 897 F.2d 103, 109 (1990); *Monmouth County Corr. Inst. Inmates v. Lensario,* 834 F.2d 326, 346 (3d Cir.1987).

Thus, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.)(citing *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to successfully raise an Eighth Amendment medical care claim, a plaintiff inmate must allege that the defendant was deliberately indifferent to plaintiff's serious medical needs. *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.)(quoting *Monmouth Cty. Corre. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987)).

**11**

According to the Court in *Iseley v. Beard*, a prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of and disregards an excessive risk to inmate health or safety." 2009 WL 1675731, *7 (M.D. Pa.)(quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). According to the Supreme Court in *Estelle*, negligently diagnosing or treating a medical condition does not amount to an Eighth Amendment violation of an inmate's right to medical care/ treatment. *Estelle,* 429 U.S. at 106.

Furthermore, according to the *Williams* Court:

> A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. . . [I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.

2008 WL 4453100, *7 (M.D. Pa.)(citing *Monmouth Ct. Corr. Inst. Inmates*, 834 F.2d at 347); see *also Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008).

Additionally, an inmate who was given medical care and is simply disputing the adequacy of care does not meet the deliberate indifference standard. According to the Court in *Robinson v. U.S.*, 2010 WL 1254277, *14 (M.D. Pa.):

> This [Eighth Amendment ] test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.
> Courts will disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." *Little v. Lycoming County,* 912 F.Supp. 809, 815 (M.D.Pa.1996) (citing *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979), quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)). When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria,* 709 F.Supp. 542, 547 (M.D.Pa.1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Lanzaro,* 834 F.2d at 346. Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements

> over the professional judgment of a health care provider. *White v. Napolean,* 897 F.2d 103, 108-10 (3d Cir.1990).

Therefore, Plaintiff must show that each Defendant acted with deliberate indifference to his serious medical condition. As discussed below, we agree with Defendants that Plaintiff is merely disagreeing with the decision of the USP-Lewsiburg medical staff to discontinue his prescribed psychotropic medications and to try therapeutic counseling to treat his mental health condition.

Plaintiff arrived at USP-Lewsiburg on January 4, 2010.[5] Upon Plaintiff 's arrival at USP-Lewibusrg, he was given a health screening by Health Services. We agree with Defendants that the undisputed evidence shows that Plaintiff had an Axis II personality disorder, and that his condition was not curable. As such, we find no dispute that Plaintiff had a serious mental health condition. At the time of his arrival at USP-Lewisburg, Plaintiff was being treated with a prescription drug, namely, Mirtazapine, which is an anti-depressant. Plaintiff was prescribed Mirtazapine to try and control his anti-social outbursts. Subsequently, Plaintiff 's dosage of Mirtazapine was increased and he was additionally prescribed Trazodone twice per day. These two prescriptions made up the psychotropic medications Plaintiff was given. Of the three Defendants, only Dr. Pigos could prescribe Plaintiff medications or discontinue medications.

Plaintiff was later found to be non-complaint with his psychotropic medications and Defendant Dr. Pigos discontinued them. After several requests by Plaintiff for reinstatement of his psychotropic medications, his prescriptions for Mirtazapine and Trazodone were renewed. When Defendant Hartzel later tried to give Plaintiff his medications, he began screaming at her and kicking his cell door. Plaintiff 's medications were then placed on hold. Plaintiff again requested reinstatement of his psychotropic medications. Dr. Pigos evaluated Plaintiff and it

---

5. All of undisputed facts of this case are derived from Defendants' SMF, Doc. 23, ¶'s 1-172. We also note that since Defendants have cited the evidence to support each of their paragraphs of their SMF, we do not repeat it herein.

**13**

was determined that Plaintiff would be treated through counseling and no longer by psychotropic medications. Dr. Pigos also decided to treat Plaintiff with an extended trial of non-pharmacological treatment modalities, including giving Plaintiff small amounts of Selective Serotonin Reuptake Inhibitors ("SSRI"). Plaintiff objected to his new treatment plan.

During 2011, Plaintiff was counseled by Health Service on 160 different occasions. Plaintiff continued to request the reinstatement of his psychotropic medications. Plaintiff also continued to masturbate in front of staff and he continued to be verbally abusive to staff. Plaintiff tried several times to manipulate staff to try and get them to reinstate his psychotropic medications but to no avail.

As mentioned, neither Defendant Mink nor Defendant Hartzel as non-physicians could prescribe or discontinue Plaintiff 's psychotropic medications.

Plaintiff was treated extensively by the prison medical, including the Health Services and the Psychology Department, on numerous occasions at USP-Lewisburg and different treatments were attempted without any great success. As Defendants point out, there are about 1400 pages of records from Health Services and the Psychology Department since Plaintiff 's arrival at USP-Lewisburg. (Doc. 23, p. 3).

As stated above, we concur with Defendants that the undisputed evidence shows that they were not deliberately indifferent to Plaintiff 's serious mental health condition. Rather, the evidence shows that Plaintiff 's constitutional claim amounts to only his disagreement with the mental health plan Defendants decided upon to treat Plaintiff which included the decision to discontinue Plaintiff 's psychotropic medications.

Accordingly, we will recommend that Defendants' Motion for Summary Judgment (**Doc. 19**) be granted.

**VI. Recommendation.**

Based on the foregoing, it is respectfully recommended that Defendants' Motion for Summary Judgment (**Doc. 19**) be granted, and that Judgment be entered in favor of all three Defendants and against Plaintiff.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 26, 2012**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CANDIDO SERRANO, | : | CIVIL ACTION NO. **3:CV-12-0323** |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| KEVIN PIGOS, MD, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 26, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.


                                             **s/ Thomas M. Blewitt**
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**

**Dated:   November 26, 2012**