# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDIDO SERRANO, | : | No. 3:12cv323 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KEVIN PIGOS, MD; | : | |
| L. HARTZELL, RN/PA; and | : | |
| DR. MINK, Psych. Dept., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation which proposes that the defendants' motion for summary judgment be granted and judgment be entered in favor of all three defendants and against plaintiff.

**Background**

On February 17, 2012, Plaintiff Candido Serrano, an inmate housed at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a *pro se* civil rights action against members of the medical staff at the prison. (Doc. 1, Compl.).[1] Plaintiff's complaint raised the following four causes of action: 1) an Eighth Amendment denial of medical care claim against all three defendants; 2) a conspiracy claim

---

[1]Plaintiff's action is filed pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971). Bivens explains that a plaintiff may seek monetary damages from federal officials for violations of constitutional rights.

against all defendants; 3) a claim that Defendant Hartzell wrote a false incident report against him on November 28, 2010; and 4) a First Amendment retaliation claim against Defendant Mink.  On April 10, 2012, the court dismissed all of plaintiff's claims except for the Eighth Amendment denial of medical care claim against all three defendants. (Doc. 10).

The three defendants were subsequently served with the complaint. They jointly filed a motion for summary judgment on August 24, 2012. (Doc. 19).  The defendants filed their brief in support of the motion for summary judgment on September 28, 2012, after an extension to the deadline for its filing was granted.  (Doc. 22).  They also filed a statement of material facts on that same day.  (Doc. 23).  Thus, plaintiff's brief in opposition to the motion for summary judgment was due on or about October 19, 2012.  LR 7.6.  ("A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.").  Plaintiff failed to file a timely brief.  Magistrate Judge Blewitt allowed a *sua sponte* extension of thirteen days for plaintiff to make the appropriate filing.  When the filing was not made, Magistrate Judge Blewitt issued an order directing plaintiff to file his opposition brief to the motion for summary judgment and a response to Defendant's Statement of Material Facts by November 12, 2012. (Doc. 24, Order dated Nov. 1, 2012 at 4).   The court notified plaintiff that a failure to file the brief and response would result in a recommendation that plaintiff be deemed as not opposing the motion.  (Id.) In response, plaintiff mailed a one-paragraph letter to the court.  (Doc. 25,

Letter dckted on Nov. 9, 2012). The letter indicated that he did not agree with the defendant's filings and in his view, they were not fair and did not make sense. (Id.) Magistrate Judge Blewitt considered the motion for summary judgment unopposed because plaintiff filed neither an opposition brief nor a response to the statement of material facts. He then considered the merits of the motion for summary judgment. (Doc. 26, Report and Recommendation at 5). He concluded that the undisputed evidence demonstrated that none of the defendants violated plaintiff's Eighth Amendment rights regarding their medical treatment of plaintiff. (Id. at 9).

On December 17, 2012, plaintiff filed a document entitled "Motion For Appeal (Objection)." We construe this document as objections to the report and recommendation. The defendants filed an opposition brief to the objections, and the matter is ripe for disposition.

**Jurisdiction**

As this case is brought to vindicate plaintiff's federal constitutional rights, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions. Id.

**Discussion**

Magistrate Judge Blewitt recommends treating the defendants' motion for summary judgment as unopposed, and granting summary judgment in defendants' favor. The recommendation is based in part on plaintiff's failure to respond to the motion for summary judgment or statement of facts filed by the defendants. In his objections, plaintiff avers that he did not file the required responses due to his failure to receive legal assistance and because he speaks Spanish and not English. He urges the court to provide him leniency because he is a *pro se* litigant.

It is true that the courts are required to liberally construe *pro se* litigant's pleadings. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). The Supreme Court has held that *pro se* complaints should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). This leniency, however, has its limits and litigants, even those appearing *pro se*, "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., - - F.3d - - , 2013 WL 57895 * 4 (3d Cir. 2013) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Here, the court provided two extensions to the plaintiff to file the appropriate documents. Further, the court warned plaintiff that the summary judgment motion would be treated as unopposed if he did not respond within a certain time period. (Doc. 24). Despite the explicit warning, plaintiff filed no response and did not seek a further extension of time to do so. This case then becomes one where the *pro se* litigant "cannot flout procedural rules." We thus find this portion of plaintiff's objections to be unpersuasive and find that the

4

Magistrate Judge appropriately treated the motion for summary judgment as unopposed and properly deemed the defendants' statement of facts as uncontested.

Next, plaintiff challenges the magistrate judge's analysis of the merits of his Eighth Amendment claim involving allegedly improper medical care. Plaintiff complains that the defendants took him off of his psychotropic medicine (Trazadone and Mirtazapine) merely as retaliation for his interaction with the staff. We are unconvinced by plaintiff's argument.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment and requires prison officials to provide basic medical treatment to those whom they have incarcerated. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). To prevail on an Eighth Amendment medical treatment claim, a plaintiff must establish acts or omissions by prison officials that evidence deliberate indifference to a serious medical need. Spruuill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004). A prison official is deliberately indifferent when he knows of and disregards an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Merely a disagreement with the medical treatment provided is insufficient to establish such deliberate indifference. Durmer v. O'Carroll, 991 F.2d 64, 68-69 (3d Cir. 1993).

As set forth by the Magistrate Judge, the evidence presented in this case established that when he arrived at USP-Lewsiburg plaintiff was provided a health screening. (Doc. 23-1, Defs.' Ex. 1, Pigo's Decl. ¶ 3). He was diagnosed with a serious health condition, that is an incurable Axis II Antisocial personality disorder. (Id. ¶ 5). This disorder is not treatable.

(Id. ¶ 15). When he arrived at the prison, he was taking a prescription anti-depressant, Mirtazapine for control of his anti-social outbursts. (Id. ¶ 6). At USP-Lewisburg, he was additionally prescribed Trazodone a medicine used to help maintain mental balance. (Id. ¶¶ 9-10). Later, plaintiff was found to be non-compliant with the psychotropic medications, that is he was not taking them, but rather was hoarding them. (Id. ¶ 11). They were thus discontinued. (Id.) Plaintiff requested that they be reinstated, and they were eventually renewed. (Id. ¶ 13). But plaintiff was warned that if he caused any problems with the medication or exhibited inappropriate behavior toward the prison staff, he would not get the medicine back again. (Id.) Subsequently medical staff determined that plaintiff should not be treated with medicine, but rather with counseling. (Id. ¶ 15). Defendant Pigos also found it appropriate to treat plaintiff with a trial of non-pharmacological treatment modalities, including small amounts of Selective Serotonin Reuptake Inhibitors ("SSRI") which is as effective a treatment as the pills plaintiff had been on. (Id.) Plaintiff disagreed with this treatment plan.

The prison Health Services counseled plaintiff on 160 occasions in 2011. (Id. ¶ 16). The treatment was not met with great success, however, and plaintiff continued to request that his medicine be reinstated. He also was verbally abusive of staff and would masturbate in front of them. (Doc. 23-3, Defs.' Ex. 2, Mink Decl. ¶¶ 3, 4, 10, 13, 17). Regardless, he was provided extensive treatment by the prison healthcare providers, Health Services and the Psychology Department. Since his arrival at the in prison in early 2010, plaintiff has amassed over 1300 pages of medical records. (Doc. 23-1, Defs. Ex. 1, Pigo's Decl. ¶ 5).

6

Generally, the medicines that plaintiff seeks are not essential to his stability or safety. (Id. ¶ 2). They contribute to his comfort, but they are non-essential. (Id.) The medical staff have explained to plaintiff that the medications would not alleviate his problems. Rather than alleviate his problems, the medicines appear to facilitate his abusive behavior toward the medical staff. (Id.) The medications are not necessary to manage his condition. (Id.)

Based upon the above, we find that defendants have not been deliberately indifferent to plaintiff's serious medical needs.[2] They have provided him treatment. Plaintiff disagrees with the treatment, but that disagreement is insufficient to meet the standard of "deliberate indifference." Accordingly, the report and recommendation will be adopted and the plaintiff's objections will be overruled. An appropriate order follows.

---

[2]Generally, plaintiff's objections do not dispute the facts. He complains that his medicine was taken away in retaliation for his interactions with the staff. In a sense, this is true, as plaintiff was warned that if he continued his inappropriate behavior, he would not be able to get his medicines back. (Doc. 23-1, Pigos Decl. ¶ 13). He was told that he could not be on the medicines because he used them to facilitate inappropriate behavior with the staff. (Id. ¶ 15) Evidently, plaintiff would be abusive to the medical staff when they appeared at his cell two times a day to administer his medication. (Id.) This was part of the reason why the medications were stopped. (Id. ¶ 2).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDIDO SERRANO, | : | No. 3:12cv323 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KEVIN PIGOS, MD; | : | |
| L. HARTZELL, RN/PA; and | : | |
| DR. MINK, Psych. Dept., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 22nd day of February 2013, it is hereby **ORDERED** as follows:

1) Magistrate Judge Thomas M. Blewitt's report and recommendation (Doc. 26) is hereby **ADOPTED**;

2) Plaintiff's objections (Doc. 27) are **OVERRULED**;

3) The defendants' motion for summary judgment (Doc. 19) is **GRANTED**;

4) The Clerk of Court is directed to grant judgment in favor of the defendants and against the plaintiff; and

5) The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

8